UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LOUIS C. TALARICO, II, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-143-P-H |
| | ) |
| KEVIN M. BROWN, in his official | ) |
| Capacity as Acting Commissioner of the | ) |
| Internal Revenue Service, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION**

On August 16, 2007, Louis C. Talarico commenced this lawsuit by paying the $350.00 filing fee and filing an official capacity lawsuit against the Acting Commissioner of the Internal Revenue Service and the Chief Counsel for the Internal Revenue Service. Mr. Talarico was given the one hundred and twenty days contemplated by Rule 4(m) of the Federal Rules of Civil Procedure within which to make service, resulting in a service of process deadline of December 14, 2007. An executed return of service was filed with the court on November 15, 2007, indicating that a paid process server had made service upon the Budget Officer at the U. S. Attorney's Office in Portland on November 6, 2007. On December 17, 2007, a deputy clerk of this court issued an Order to Show Cause to Mr. Talarico directing him to "show good cause" in writing within ten days as to why service had not been timely made upon the defendants as required under Rule 4 (i) of the Federal Rules of Civil Procedure.

On December 18, 2007, apparently in response in the Order to Show Cause, Mr. Talarico filed three postal receipts, at least one of which appears to bear a date stamp

indicating receipt by the Commissioner's office sometime in November 2007.  The three postal receipts were not accompanied by an affidavit of service which might have indicated what was mailed to the recipients.  Mr. Talarico's submission places the court in the difficult posture of trying to guess whether or not he actually has accomplished service in the manner prescribed by Rule 4(i) (1) and (2) of the Federal Rules of Civil Procedure.

Rather than immediately responding to the three indecipherable postal receipts, I advised the deputy clerk that I would wait until sixty days had elapsed from the November 7, 2007, service made upon the local U.S. Attorney's office to ascertain if any response would be forthcoming.  I also felt that such a delay would give Mr. Talarico the opportunity to supplement his December 18, 2007, submission if he were inclined to do so.  At this point no further submissions have been received.

Because I do not believe it would be proper for the entry of default at this juncture based upon the service of process information the court has received and, furthermore, because of the inherent limitations regarding a default judgment against the United States set forth in Federal Rules of Civil Procedure 55(e), I will not direct the entry of default against these defendants.  The only alternative, at this juncture, appears to me to be a recommendation that the case be dismissed for failure to comply with Rule 4(m), subject to Mr. Talarico's opportunity to object to this recommendation and present an affidavit of service in that objection that actually demonstrates compliance with the rule.  Because of that possibility, I am also directing that the clerk provide a courtesy copy of this recommended decision to the United States Attorney in Portland, Maine in order that she might be made more fully aware of the status of this litigation.

Therefore, at this juncture, based upon the current record before me, I recommend that this complaint be dismissed without prejudice for plaintiff's failure to make service in accordance with the Federal Rules of Civil Procedure.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 9, 2008.                                    /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge

3