UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LOUIS C. TALARICO, II,         )<br>                                               )<br>    Plaintiff,                              )<br>                                               )<br>v.                                           )   Civil No. 7-143-P-H<br>                                               )<br>KEVIN BROWN, in his official capacity )<br>as Acting Commissioner of the IRS, et al., )<br>                                               )<br>    Defendants                          ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Louis Talarico, II, has filed a civil action in this Court naming Kevin M. Brown, the Acting Commissioner of the Internal Revenue Service, and Donald Korb, Chief Counsel of the Internal Revenue Service, as defendants. In his complaint Talarico alleges that he suffers from severe Obsessive Compulsive Personality Disorder, a disability he contends severely interferes with his ability to compile the necessary and required tax information and materials in order to file his federal income tax returns. The United States, on behalf of the named defendants, has filed a motion to dismiss premised on its sovereign immunity (Docket No. 7). Talarico has filed a response. I recommend that the Court grant the United States' motion and dismiss this action.

*Discussion*

*Complaint Allegations*

Talarico represents in his complaint that he has been unable to compile, have prepared, and file his tax returns since 2000 due to his Obsessive Compulsive Personality Disorder (OCPD). He alleges that he has always been an "extremely conscientious" taxpayer and has paid more than $2,000,000.00 over the years. He has attempted to

negotiate with the Internal Revenue Service (IRS) through the mail, on the phone, and in person, yet the IRS continues to penalize him by "making extraordinary and erroneous Assessments, charging Penalties and Interest, filing Liens, and Levying against Plaintiff's savings, checking accounts, and other assets."  With regards to the relief requested, Talarico wants this court to order the IRS to suspend collection actions against him; certify his OCPD diagnosis; order the IRS to grant Talarico extra time to compile his tax information and material for the delinquent years; and order the IRS to abate and apply to his tax liabilities all amounts of back-up withholdings, penalties, interest, liens, and levies or to refund the same should it be determined that Talarico does not have tax liabilities.

***The Motion to Dismiss, Talarico's Response, and the United States' Reply***

The United States' motion to dismiss is straight forward.  United States v. Sherwood, 312 U.S. 584 (1941), clearly explains that there is no jurisdiction, in this or any court, to sue the United States except to the extent that Congress has consented through a specific legislative enactment waiving its sovereign immunity and it has not done so in respect to legal actions of this nature.  To the extent that Talarico seeks declaratory judgment, the Declaratory Judgment Act contains a specific exception for federal taxes.  See 28 U.S.C. § 2201(a).  And, regarding any claim to injunctive relief apropos his taxes, the Anti-Injunction Act circumscribes the rights of tax-payers contesting tax assessments in federal court, see 26 U.S.C. § 7421(a).  Talarico's claims do not meet the two refund related limited exceptions recognized in Enochs v. Williams packing & Navigation Co., 370 U.S. 1, 7 (1962) and South Carolina v. Regan, 465 U.S. 367 (1983).

In his memorandum objecting to the United States' motion, Talarico claims that his case can be heard in this court because he is seeking a refund. He indicates that he paid federal income taxes in excess of 1.5 million dollars for the tax years of 1999 and 2000. He asserts: "The Plaintiff has also filed Claims for Refunds with the IRS." (Obj. Mot. Dismiss at 3.) Despite his request for injunctive relief in his complaint, Talarico maintains that he is not seeking an injunction to restrain the assessment or collection of a tax but is asking that penalties, backup withholding, interest, liens, levies, "and the like" be refunded. (Id.)

With regards to the United States' sovereign immunity argument, Talarico opines:

> The Defendant states in its Motion to Dismiss that, "The United States, as a sovereign, may only be sued to the extent that it consents to being sued." That seems pretty convenient and the Plaintiff, Pro Se, would not know whether or not this is true or how to go about obtaining the United States' consent to be sued, as if obtaining such a consent were ever possible. Why would anyone consent to being sued if they can avoid it? It seems only appropriate that IRS Publications and its agents (or Clerks of the Court for that matter) would advise taxpayers that "The United States, as a sovereign, may only be sued to the extent that it consents to being sued", if in fact that is the case.

(Id. at 3-4.)

In his objection Talarico also speculates that the Americans with Disabilities Act may be a separate basis for his claim in this court. (Id. at 6-7.) "The IRS and the Tax Code should be open to special circumstances," Talarico opines, "and be able to provide alternative provisions when its 'one size fits all' system does not adequately apply to each and every taxpayer." (Id. at 10.) He believes that this Court can be fair and impartial and explains that he was forced to take "this legal route" because he cannot afford the services of a tax attorney at this time. (Id.)

In its reply to Talarico's objection, the United States argues that Talarico is "precluded from seeking a refund in this action because he has failed to allege the filing of a claim for refund which is necessary to meet the subject-matter jurisdiction requirement in this case."  (Reply Mem. at 1.)  It cites to 26 U.S.C. § 7422(a) and § 6532(a)(1), and also relies on McMillen v. United States Department of Treasury, 960 F.2d 187, 188-89 (1st Cir. 1991), for the requirement that to proceed with this action as if it pertained to a refund Talarico must have filed an administrative claim for a refund that was followed by a formal denial or the lapse of six months. (Id. at 1-2.)

Indeed, McMillen explained:

> 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 together authorize a taxpayer who believes that the IRS has incorrectly assessed a tax liability against him to sue for a refund. Suits under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, however, are subject to two important limitations. First, they must be preceded by an administrative claim for a refund. 26 U.S.C. § 7422(a). Second, the taxpayer may not go to court until he has actually paid the assessment. See Magnone v. United States, 902 F.2d 192, 193 (2d Cir.1990). Because the McMillens did not satisfy these requirements, the district court lacked jurisdiction to entertain their lawsuit as a refund action.
> 
> The McMillens' failure to comply with the refund procedure precludes them from maintaining a claim against the government under the guise of a non-refund action. This is because the "pay first and litigate later" rule, see Falik v. United States, 343 F.2d 38, 42 (2d Cir.1965), citing Flora v. United States, 362 U.S. 145, 162 (1960), is applicable both to refund actions and to any non-refund action that the taxpayer attempts to use as a vehicle for a collateral attack on his tax assessment.

960 F.2d at 188 -89.[1]

I agree with the United States that Talarico has not alleged compliance with the refund procedures, in spite of his cursory assertion that he has filed claims for refunds in his opposition memorandum.  His complaint does not claim that he availed himself of the formal administrative procedure for obtaining a refund of his 1999 taxes and other

---

[1] The United States has not addressed any statute of limitations concern. See 26 U.S.C. § 6532(a).


withholding that may have occurred since that date. Indeed the exhibit Talarico submitted in support of his complaint suggests that whatever administrative process he may have invoked, the process is ongoing. (See Doc. No. 1-4, indicating that as of July 25, 2007, the IRS had not resolved issues in connection with tax year ending December 31, 2001). With respect to Talarico's assertion of his rights under the ADA, the United States counters that the ADA is applicable to employment, public services and public accommodations, not the suspension of tax liabilities or IRS collection efforts. (Id. at 2.)

As for Talarico's efforts to resurface this case as one brought pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 or the ADA: "Painting a pumpkin green and calling it a watermelon will not render its contents sweet and juicy." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 24 (1st Cir. 2002). This is not to suggest that I take Talarico's arguments in his objecting memorandum as disingenuous. He is a pro se plaintiff who is obviously frustrated by his history of trying to comply with his federal tax filing obligations and who is, now, frustrated with the challenges of proceeding in a legal action in this court without the assistance of counsel.[2] However, it is evident from his initial complaint that this action seeks relief from his federal tax situation that Talarico cannot pursue in this court in view of the United States' sovereign immunity. I could locate no case that addressed the question of the applicability of the ADA to tax reporting responsibilities; I agree with the United States that the ADA was never intended to apply to an action brought against the United States in this context.

---

[2] In his memorandum Talarico suggests that maybe he should have attempted to have the court appoint him a tax lawyer.

*Conclusion*

Based upon the above discussion, I recommend that the Court grant the motion to dismiss (Docket No. 7).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 21, 2008.